UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA FERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES,<br><br>Defendants. | Case No. 2:23-cv-08627-FMO-MAR<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, the relevant records on file, and the Report and Recommendation of the United States Magistrate Judge. The Court has engaged in de novo review of those portions of the Report to which Plaintiff has objected.

The Complaint alleges that Defendant violated Plaintiff's rights by terminating her employment despite her firmly held religious beliefs, which she claims prevented her from taking the COVID-19 vaccine. (Dkt. No. 1.) The Report recommends the grant of Defendant's motion for summary judgment on the ground of collateral estoppel. (Dkt. No. 65.) Plaintiff's objections to the Report (Dkt. No. 66) do not merit any change to the Report's findings or recommendations.

Plaintiff objects that collateral estoppel does not apply because the issues from this lawsuit are not identical to the issues that previously were decided by the Civil Service Commission of the County of Los Angeles ("Civil Service Commission").

(Dkt. No. 66 at 2-3.)  As the Report found, however, "[w]hen collateral estoppel applies, the prior determination is conclusive in a subsequent action between the parties, whether on the same *or a different claim*."  (Dkt. No. 65 at 10) (emphasis added) (citing *Eilrich v. Remas*, 839 F.2d 630, 632 (9th Cir. 1988)).  Here, the Hearing Officer for the Civil Service Commission made a prior determination that Plaintiff's termination from employment was "appropriate" discipline because it was "unrebutted" that Plaintiff had violated her employer's vaccine mandate and because Plaintiff had not proffered "any expert testimony to support an affirmative defense that she established her religious beliefs met the requirements of sincerely held beliefs."  (Dkt. No. 57-1 at 100-03.)  That prior determination is conclusive in this lawsuit because "all of Plaintiff's causes of action here arise from the underlying claim that her termination was wrongful."  (Dkt. No. 65 at 9.)  "If the Hearing Officer had determined that Defendant had violated Plaintiff's constitutional rights, they could not have found that Plaintiff's discharge was appropriate."  (*Id.* at 19.)

Plaintiff objects that her civil rights claims were not actually litigated or necessary decided in the administrative proceeding before the Civil Service Commission, "because it was legally incapable of doing so."  (Dkt. No. 66 at 3.)  As the Report found, however, "the Civil Service Commission's procedural rules did not place any limits on the defenses or contentions a petitioner may raise[.]"  (Dkt. No. 65 at 18) (citing *Miller v. County of Santa Cruz*, 796 F. Supp. 1316, 1319 (N.D. Cal. 1992)).  "Plaintiff has not presented any evidence that she could not have raised her civil rights claims before the Commission or that she was prevented from raising a defense.  In fact, it appears Plaintiff could have requested certification of the discrimination issue, but did not do so."  (Dkt. No. 65 at 18-19 (citing *Castillo v. City of Los Angeles*, 92 Cal. App. 4th 477, 482 (2001) (finding issue of discrimination was actually litigated where "[Defendant] has not shown that he was prevented from introducing admissible evidence relevant to that issue")).

2

Plaintiff objects that she did not have a full and fair opportunity to litigate before the Civil Service Commission. (Dkt. No. 66 at 3.) Specifically, Plaintiff allegedly "was interrupted during her presentation and prohibited from arguing the applicable civil-rights standards." (*Id.*) But Plaintiff fails to cite the record to support this allegation, and no support is apparent from the record. As the Report found, "the Hearing Officer was open to and admitted evidence relevant to Plaintiff's claim of discrimination and ultimately made a determination that Plaintiff failed to provide sufficient evidence that her religious beliefs met the requirements for a sincerely held religious belief such that her termination violated her constitutional rights." (Dkt. No. 65 at 18 (citing Dkt. No. 57-1 at 101)). "[A]lthough the discrimination claim was not 'certified as an issue' for the Hearing, Plaintiff nevertheless had the 'opportunity and incentive' to certify the discrimination issue and to present evidence of an affirmative defense that she had established her religious beliefs met the requirements of a sincerely held belief." (Dkt. No. 65 at 18.)

The Court accepts the findings and recommendation of the Magistrate Judge.

**IT IS THEREFORE ORDERED** that Judgment be entered dismissing this action with prejudice and without leave to amend.

Dated: January 21, 2026

/s/
HONORABLE FERNANDO M. OLGUIN
United States District Judge

3